## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Walter William Cartwright, III, ) | Case No. 1:20-cr-180 |
| ) | |
| Defendant. ) | |

Defendant is charged in an Indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On October 19, 2020, he made his initial appearance and was arraigned.

Prior to his initial appearance, defendant was in State custody at the Ward County Jail in Minot, North Dakota, awaiting transfer to the North Dakota State Penitentiary to commence service of his State sentence. After the Indictment in this case was returned and an arrest warrant issued, a detainer was filed by the United States with the State. Pursuant to the Interstate Agreement on Detainers Act ("IADA"), defendant's appearance before this court for his initial appearance and arraignment was secured by a writ of habeas corpus ad prosequendum. (Doc. No. 8). In light of the current COVID-19 pandemic, arrangements were made for defendant to appear from the Ward County Jail rather than physically transporting him to the federal courthouse in Bismarck.

At his initial appearance and arraignment, defendant was advised of his rights under the IADA to continued federal custody until the charges set forth in the Indictment are adjudicated. Defendant did not waive anti-shuttling provisions of the IADA at that time, opting instead to remain in federal custody. Finding that defendant ineligible for release, the court ordered that he remain

in federal custody pending final disposition of his federal charges.  (Doc. No. 22).

On January 25, 2021, the court received a letter from Defendant.   (Doc. No. 26).  In his letter, defendant states that, following his initial appearance and arraignment before this court, the State took custody of him and moved him from the Ward County Jail to the North Dakota State Penitentiary in Bismarck, North Dakota, to begin service of his State sentence.  Averring that his rights under the IADA's anti-shuttling provisions have been violated, he appears to request leave to file a motion to dismiss his federal charges.

As noted above, the court previously issued an order detaining defendant pending trial and in so doing made it clear that he was to remain in federal custody.  As the court has not countermanded this order, <u>defendant is still in federal custody</u>.  Where he is ultimately housed while in federal custody is left to the discretion of the United States Marshal.

Defendant is represented by counsel.  The court is not obligated to entertain pro se motions that are filed by a represented party.  <u>See</u> <u>United States v. Pate</u>, 754 F.3d 550, 553 (8th Cir. 2014); <u>Abdullah v. United States</u>, 240 F.3d 683, 686 (8th Cir. 2001).  It is the responsibility of counsel to file motions on defendant's behalf.  Insofar as defendant seeks leave to file a pro se motion, his request is **DENIED**.

**IT IS SO ORDERED.**

Dated this 26th day of January, 2021.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
